# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SYKES,<br><br>                   Plaintiff,<br><br>         v.<br><br>SCOTT MACOMBER,<br><br>                   Defendant. | No. 1:23-cv-00967-JLT-EPG<br><br>ORDER DIRECTING CLERK OF COURT TO ADD SCOTT MACOMBER AS A DEFENDANT ON THE DOCKET AND TERMINATE ALL OTHER DEFENDANTS FROM THE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Troy Sykes is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 5). Plaintiff's initial complaint alleged that the California Department of Corrections and Rehabilitation (CDCR), Avenal State Prison, and Warden Martin Gamboa failed to provide him with a free college education as required by a California statute. (ECF No. 1).

On December 22, 2023, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his

1

complaint. On January 4, 2024, Plaintiff filed an amended complaint, which is now before the Court on screening. (ECF No. 9). For the reasons given below, the Court will recommend that this case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). And because Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff submitted this case on a prisoner civil rights complaint form, stating the case is brought under 42 U.S.C. § 1983. While Plaintiff initially sued (1) the CDCR; (2) Avenal State Prison; and (3) Warden Martin Gamboa, he does not name any of these Defendants in his amended complaint. (*See* ECF No. 1, p. 2; ECF No. 9, p. 2). Rather, his amended complaint lists a single Defendant, Scott Macomber, with Plaintiff listing Macomber as the Secretary of the CDCR.[1] Because Plaintiff now sues only Macomber, the Court will direct the Clerk of Court to add Macomber to the docket and to terminate the three previous Defendants.

Plaintiff brings a single claim, alleging that his Eighth and Fourteenth Amendment rights have been violated. (*Id.* at 3). In support, he states as follows:

> S.B. 416 requires the Secretary of California Dept. of Corrections to provide free access to the CSU and UC systems of education.[2] This allows me the ability to earn a bachelor's degree during my servitude and enslavement. This is part of my rehabilitation process. This opportunity is available on a limited basis in certain institutions. The institution I am located at will not and does not offer an opportunity to attend any CSU or UC. S.B. 416 changes the law to make this mandatory. Being it is not law, not only a desire or abstract need, it meets Fourteenth Amendment right to education. Also, I call the Eighth Amendment violat[ed] as earning this degree earns me time off my sentence. Other men are able to attempt this while I am not. The program needs to be available at all institutions per law of S.B. 416. It will cause hardship on my family if CDCR considers a move to an institution that offers access to the CSU and UC system. Also this move does not guarantee a place in a program offering a degree path. This is a very limited opportunity that is not always open for enrollment.

(*Id.* at 3-4) (minor alterations for readability).

Elsewhere in the complaint, Plaintiff says that "[t]he bill was imposed to give full access to the CSU and UC system for post[-]secondary education, free of charge. There is no action or plan to bring a viable program fulfilling these requirements to Avenal State Prison or many other institutions under CDCR jurisdiction. (*Id.* at 6).

The bill that Plaintiff appears to be referencing is codified at Cal. Penal Code § 2053.1. Among other things, the statute directs "The Secretary of the Department of Corrections and

---

[1] The CDCR's website lists "Jeff Macomber" as the Secretary of the CDCR. https://www.cdcr.ca.gov/about-cdcr/secretary/
[2] The Court understands Plaintiff's reference to "CSU" to mean "the California State University" and "UC" to mean "the University of California."

Rehabilitation" to implement "prison literacy programs that are designed to ensure that upon parole inmates are able to achieve the goals contained in this section." § 2053.1(a). Notably, "[t]he department shall make college programs available at every state prison for the benefit of inmates who have obtained a general education development certificate or equivalent or a high school diploma" and "[t]he college programs shall only be provided by the California Community Colleges, the California State University, the University of California, or other regionally accredited, nonprofit colleges or universities." § 2053.1(a)(3)(A)(i). The statute also provides some guidelines to prioritize participating colleges and universities for various factors, including those that provide face-to-face classroom-based instruction, offer counseling, and waive tuition or grant financial aid. § 2053.1(a)(3)(B)(i-viii). While the statute provides some guidelines for implementing educational goals, it also leaves room for discretion, *e.g.*, "[w]hile the department shall offer education to target populations, priority shall be given to those with a criminogenic need for education, those who have a need based on their educational achievement level, or other factors as determined by the department." § 2053.1(a)(4).

Plaintiff seeks monetary damages, including "$35,000 to obtain [an] education through available source," and injunctive relief to "provide avenue and planned timeline for CDCR to be in full compliance at every institution under its jurisdiction." (*Id.* at 7).

## III.   ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B.    Asserted Right to Free College Education

Plaintiff's complaint alleges that Defendant has failed to provide him with a free college education, specifically to California State University (CSU) and University of California (UC) programs, as required by California law. The Court concludes that Plaintiff fails to state a § 1983 claim.

Notably, Plaintiff fails to properly allege the denial of a federal constitutional right. Plaintiff is suing for the violation of a state law, which does not concern a federal question. Notably, the federal question jurisdiction statute, 28 U.S.C. § 1331, requires a civil action to arise "under the Constitution, laws, or treaties of the United States."

While Plaintiff invokes the Fourteenth Amendment, and state-created property interests may give rise to a constitutional due process claim for a deprivation of that interest, such does not apply here. *See Redd v. Guerrero*, 84 F.4th 874, 893 (9th Cir. 2023) ("Courts have recognized a range of state-created property interests protected by due process . . . .").

> To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it, not just an abstract need or desire for it. We look to the language of the statute and the extent to which the entitlement is couched in mandatory terms to determine whether state law gives rise to a protected property interest.

*Id.* (internal citations and quotation marks omitted).

Here, while Plaintiff claims that he has a due process interest in free classes through CSU and UC, the plain language of the statute demonstrates that such is not mandatory for purposes of a federal due process claim. First, the statute allows college programs to be provided by a range on institutions, not just CSU and UC. *See* Cal. Penal Code § 2053.1(a)(3)(A)(i) ("The college

6

programs shall only be provided by the *California Community Colleges*, the California State University, the University of California, *or other regionally accredited, nonprofit colleges or universities*.") (Emphasis added). Second, the statute does not require educational offerings to be free; rather, it only requires that institutions be "prioritize[d] if, among other factors, they "[d]o not charge incarcerated students or their families for tuition, course materials, or other educational components" and "[w]aive or offer grant aid to cover tuition, course materials, or other educational components for incarcerated students." Cal. Penal Code § 2053.1(a)(3)(B)(vii-viii). Third, the statute grants discretion in deciding which inmates are served through the program: "While the department shall offer education to target populations, priority shall be given to those with a criminogenic need for education, those who have a need based on their educational achievement level, or other factors as determined by the department." Cal. Penal Code § 2053.1(a)(4).

Moreover, courts have held that claims concerning education in prison do not give rise to a property interest. *See Myers v. California Dep't of Corr. & Rehabiliation*, No. 2:20-CV-0153 DB P, 2020 WL 5366341, at *4 (E.D. Cal. Sept. 8, 2020) ("Courts have previously held that prisoners do not have an Eighth or Fourteenth Amendment right to educational, vocational, or rehabilitative programs."); *Giano v. Cuomo*, No. 94-CV-809, 1998 WL 760262, at *3 (N.D.N.Y. Oct. 28, 1998) (noting that, "[w]hile NYCL § 136 mandates that each inmate be given a 'program of education,' it expressly provides that this property interest is subject to the discretion of prison and state officials who are charged with developing and maintaining these educational programs"; thus, no due process violation occurred based on Plaintiff's asserted denial of a specialized educational program).

Likewise, for Plaintiff's Eighth Amendment claim—that he must be provided a free education to earn time off his sentence—Plaintiff cites no authority holding that a lack of educational opportunities constitutes an Eighth Amendment violation, and in analogous cases, courts have held that a lack of educational opportunities does not violate the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and educational opportunities diminished marginally as a result of double celling, limited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind

simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); *Pedro Rodriguez v. McDowell*, No. EDCV 18-0400-JGB (AGR), 2021 WL 5611500, at *6 (C.D. Cal. Sept. 28, 2021), *report and recommendation adopted*, 2021 WL 5596120 (C.D. Cal. Nov. 29, 2021) ("Plaintiff cannot allege an Eighth Amendment violation based on interference with his college education."); *Pleasant v. Merced Cnty. Bd. of Sup'rs*, No. 1:07-CV-00359-AWI-DLB (PC), 2009 WL 410043, at *3 (E.D. Cal. Feb. 17, 2009), *report and recommendation adopted*, 2009 WL 800186 (E.D. Cal. Mar. 25, 2009) ("Further, the lack of vocational, recreational and educational programs are not violative of the Eighth Amendment, and the lack of these programs simply does not amount to the infliction of pain. There is no constitutional right to rehabilitation.") (citation and quotation marks omitted).

In short, the Court concludes that Plaintiff fails to state a claim under either the Fourteenth or Eighth Amendments.

**IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS**

The Court has screened Plaintiff's amended complaint and concludes that he fails to state any cognizable claims. Based on the forgoing, the Court will recommend that this case be dismissed with prejudice. Notably, in its screening order, the Court identified the same deficiencies that persist in Plaintiff's amended complaint and gave Plaintiff the opportunity to state a cognizable claim. The Court thus concludes that further leave to amend would be futile.

Accordingly, IT IS ORDERED that the Clerk of Court shall add Scott Macomber, Secretary of CDCR, as a Defendant on the docket, and shall terminate all other Defendants on the docket.

Additionally, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2024**                           /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE